THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECILE A. BROWN,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | CASE NO. C21-0246-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte*. Plaintiff was granted leave to proceed *in forma pauperis* on February 26, 2021. (Dkt. No. 3.) The Court must dismiss an *in forma pauperis* complaint if it fails to state a claim upon which relief may be granted or if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1  "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When evaluating whether a complaint is frivolous, the Court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Although the Court reviews *pro se* complaints liberally, they "nonetheless must meet some minimum threshold." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Before turning to the merits of Ms. Brown's claim, the Court notes that she has filed her lawsuit in the wrong court. This Court is the United States District Court for the Western District of Washington. It is located in Washington state, not Washington, D.C. Ms. Brown does not reside in this district, nor do any of the defendants. (*See* Dkt. No. 4 at 1–4.) Further, none of the events or omissions giving rise to Ms. Brown's claim occurred here. (*See generally* Dkt. No. 4.) Therefore, venue in the Western District of Washington is not proper. *See* 28 U.S.C. § 1391(e)(1).

Turning to the merits, Ms. Brown's complaint is difficult to decipher.[1] It appears that Ms. Brown received a decision from the Board of Veterans Appeals on July 17, 2020 with which she disagrees. (*See* Dkt. No. 4 at 17–18.) On July 27, 2020, the Board received a letter from Ms. Brown expressing her disagreement with the decision. (*Id.*) On January 27, 2021, Kimberly Osborne, Deputy Vice Chairman of the Board of Veterans Appeals issued a letter ruling

---

[1] Ms. Brown filed three documents, all of which purport to be part of the complaint. When the Court uses the term "complaint" in this order, it refers to the following documents collectively: "complaint" (Dkt. No. 4), "complaint – supplemental page" (Dkt. No. 6 at 2–3), and "statement" (Dkt. No. 7).

construing Ms. Brown's letter as a motion for reconsideration and denying the motion because the issues Ms. Brown raised in her letter were not presented to the Board at the time of its decision. (*Id.* at 18.) The letter also informed Ms. Brown that she could file a new claim or move to reopen her claim and submit new evidence through her local VA regional office. (*Id.*) Ms. Brown apparently sent another letter to the Board on February 5, 2021. (*Id.* at 19.) On February 8, 2021, the Board wrote back, explaining that because the Board had already issued a decision and denied her motion for reconsideration "the Board can take no further action on this matter." (*Id.*) The letter directed Ms. Brown back to the New Orleans regional office and to the portion of the Board's opinion entitled "Your Rights to Appeal Our Decision." (*Id.*)

      Ms. Brown's chief complaint in the instant suit is that the "decision should not have been issued" because the "case did not lack merit or jurisdiction" but the Board "refuses to change the decision [even] after [she] call[ed] multiple of times and sent faxes making them aware the decision was not accurate or truthful." (Dkt. No. 4 at 5.) Ms. Brown alleges that the Board's erroneous decision and refusal to change it amounts to "negligence," "perjury, fraud, and theft of benefits." (*Id.*) She seeks $10 million dollars in compensatory damages and $10 million dollars in punitive damages based on "loss income, emotional distress, and trauma" caused by "having to deal with the federal government" and the fact that she had to wait 30 days before the government uploaded evidence to her case file. (*Id.* at 6.)

      Ms. Brown's supplemental "statement" appears to relate to a different VA proceeding regarding benefits to which she alleges she was entitled between August 2020 and December 2020. (*See* Dkt. No. 7.) Ms. Brown alleges that the judge has not issued a decision yet in that case, and that someone at a VA call center told her that the judge planned to award her benefits but because she complained about the judge not issuing a decision, the court is changing the decision to a denial. (*Id.*)

      These allegations fail to state a claim upon which relief may be granted, and the damages allegations are frivolous. Accordingly, the Court must DISMISS the complaint. However, the

1  Court dismisses the complaint without prejudice and with leave to amend. If Ms. Brown chooses
2  to file an amended complaint, she must do so within 14 days of the date of this order. Any
3  amended complaint must tell the Court: (1) the laws or statutes upon which her claims are based,
4  (2) what facts support each of the alleged violations of law, (3) what specific injury she suffered
5  because of each alleged violation and how those injuries resulted in the amount of damages she
6  seeks, and (4) why venue is proper in the United States District Court for the Western District of
7  Washington.

DATED this 17th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE